(39 Misc. Rep. 446.)

### CULLINAN, Excise Com'r, v. PARKER et al.

(Supreme Court, Trial Term, New York County. December, 1902.)

**1. LIQUOR TAX CERTIFICATE—LIABILITY OF SURETY.**

> Where the holder of a liquor tax certificate has sold his interest in the business, but the certificate has not been transferred under Liquor Tax Law, § 27, nor surrendered under section 25, a surety company which has covenanted that the certificate holder will not suffer gambling to be done in the place designated by the certificate, or suffer the premises to become disorderly, is liable on the bond for any violation of its provisions.

Action by Patrick W. Cullinan, state commissioner of excise, against Frank L. Parker and the Fidelity & Casualty Company to recover the penalty of a bond for an alleged violation of the liquor tax law. Judgment for plaintiff.

H. H. Kellogg, for plaintiff.

Nadal & Carrew (C. C. Nadal, of counsel), for defendant Fidelity & Casualty Co.

KEENER, J. The plaintiff sues to recover the penalty of a bond for an alleged violation of the liquor tax law. The following facts are established by the evidence: (1) There were violations of the liquor tax law on the premises designated in the certificate issued to the defendant Parker as the place for the sale of liquors. (2) Such violations occurred after Parker had ceased to be the proprietor in fact of the premises, and had sold his interest in the business, retaining no control thereof. (3) At the time of such violations the certificate had not been transferred under section 27 of the liquor tax law (Laws 1897, c. 312), nor had it been surrendered under section 25 of said act, and the business was conducted ostensibly under said certificate.

It is urged that the defendant surety company is not liable on its bond because the violations occurred after such sale. The contention is based on the language of the condition in the bond that "the said principal will not, while the business for which such liquor

tax certificate is given shall be carried on, suffer or permit * * * any gambling to be done * * * in the place designated by this liquor tax certificate, * * * or suffer or permit such premises to become disorderly." In my opinion this contention is not well founded. The legislature, by the careful provision made for the transfer or surrender of liquor tax certificates, has clearly evidenced an intention to look, in the absence of such formal transfer or surrender, to the person to whom the certificate is issued as the one responsible for the management of the place so long as the business is conducted ostensibly under that certificate. For this reason it has been held that an action can be maintained for the cancellation of the certificate and for the recovery of incidental costs, though there was a transfer of the business before the violation complained of. Cullinan v. Kuch, 80 N. Y. Supp. 186. Although the action against the surety is on its contract of suretyship, the bond was given in pursuance of the liquor tax law, and must be construed with reference thereto, and I think the language of the bond does not justify a construction which would clearly violate the policy of the statute. The condition of the bond does not provide in terms that the surety shall answer for violations of the liquor tax law while the principal is conducting the business, but that the surety shall be answerable for violations of the law while the business for which such liquor tax certificate is given shall be "carried on" on the premises. The business for which the certificate was given to the defendant Parker was being "carried on" on the premises designated in the certificate, and ostensibly under that certificate. That Parker had no interest in the business is, in my opinion, immaterial, and the violation proved renders the surety liable on its bond. Judgment for the plaintiff on the verdict.

Judgment for plaintiff.